■ In the Matter of the Claim of CATHERINE BUREK, Respondent, against DOMUR REALTY CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was employed as a janitress for a period of over six years and for a period of " three years or more " there is evidence that her work included lifting or moving of heavy cans of ashes. Claimant testified that on October 8, 1955, while lifting a heavy can of ashes " It slipped out of my hand.

The whole thing dropped. And meantime I felt sore inside * * * Later on I felt everything dropped. I can't even sit down. Everything is down on me." There is adequate medical evidence that claimant suffered, among other things, from a prolapse of the uterus. In the early course of the proceedings in Workmen's Compensation everyone concerned, the claimant, the carrier, the Referee, the doctors and the board, treated the claim as being based on the occurrence of October 8, 1955, as a specific accident. There is adequate medical opinion in the record to sustain a finding that the prolapse of the uterus was "causally related to" this specific "incident of the ashcan." The board would be justified therefore on this record in finding a specific accident and attribution of the resulting disability to the specific accident. The board did find (March 21, 1957) a specific accident, but due to the medical contest that had arisen over causal relation of the disability, the question was referred to an impartial gynecologist for examination and report. The gynecologist was of opinion that the specific incident of the ash can did not cause the condition alone, but that the lifting and straining in connection with the work and the strain produced by the "things she was doing over a period of three years or more" had induced the protrusion. "I am of the opinion" said the gynecologist "as a result of the type of work she's doing, the condition progresses — progressively gets worse because of the type of work she was doing". The medical proof is that there was some weakness and disturbance in the area due to childbirth and other causes, but the board could find on this record that the continuous lifting "induced" the disabling physical result. This is more than a mere aggravation; it is within the frame of occupational disease as that has been defined in the decisions and in the statute. The board could also have found that the claimant was not aware of the seriousness of her occupational disease and that this excused timely filing of the claim. When she became aware of it on medical advice the claim was promptly filed (cf. *Matter of Buchanan* v. *Deposit Central School*, 7 A D 2d 683; *Matter of Talbot* v. *Kress*, 273 N. Y. 512). Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.